# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE

|  |  |
|---|---|
| EXPORT PACKERS COMPANY LIMITED,  <br>  Plaintiff,  <br>  v.  <br> UNITED STATES,  <br>  Defendant,  <br>  and  <br> FRESH GARLIC PRODUCERS ASSOCIATION AND ITS INDIVIDUAL MEMBERS, ET AL.,  <br>  Defendant-Intervenors. | Court No. 24-00061 |

## DEFENDANT INTERVENORS' RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

JOHN M. HERRMANN
JOSHUA R. MOREY
MATTHEW T. MARTIN
KELLEY DRYE & WARREN LLP

Counsel to the Fresh Garlic Producers Association and its individual members, et al.

November 19, 2024

## Table of Contents

**Page**

ADMINISTRATIVE DETERMINATION UNDER REVIEW ................................................... 1

ISSUES PRESENTED ........................................................................................................... 2

STANDARD OF REVIEW ..................................................................................................... 3

STATEMENT OF THE FACTS ............................................................................................. 3

ARGUMENT ........................................................................................................................... 6

CONCLUSION ........................................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Green Garden Produce, LLC v. United States,
    Ct. No. 24-00114 (Baker) ..................................................................................................6

Motor Vehicle Mfrs. Ass'n v. State Farm Mut.,
    463 U.S. 29 (1983) ......................................................................................................3, 8

**Statutes and Regulations**

19 C.F.R. § 351.225(k)(1) ................................................................................................2, 7, 8

19 C.F.R. § 351.225(k)(2) ...........................................................................................................2

**Administrative Determinations**

Antidumping Duty Order:
    Fresh Garlic from the People's Republic of China,
    59 Fed. Reg. 59,209 (Nov. 16, 1994) ............................................................................ *passim*

Antidumping Duty Order on Fresh Garlic from the People's Republic of China:
    Final Scope Ruling on Export Packers' Certain Individually Quick Frozen
    Cooked Garlic Cloves (Feb. 21, 2024) ("Final Scope Ruling") (PR 30) ................... 1-2, 6, 7, 8

Fresh Garlic From the People's Republic of China:
    Affirmative Final Determination of Circumvention of the Antidumping Duty
    Order, 89 Fed. Reg. 51,495 (Dep't Commerce June 18, 2024) ................................................6

This brief is filed on behalf of the Fresh Garlic Producers Association and its individual members, Christopher Ranch L.L.C., The Garlic Company, and Valley Garlic, Inc. (collectively, "Defendant-Intervenors"), in opposition to Export Packers Company Limited's ("Plaintiff") Memorandum in Support of Rule 56.2 Motion for Judgment on the Agency Record (ECF No. 20) (hereinafter, "Pl.'s Br."). Defendant-Intervenors urge this Court to reject Plaintiff's claims and to sustain the underlying agency determination.

This Court's scheduling order established a stagger between the deadlines for Defendant's and Defendant-Intervenor's response briefs and instructed Defendant-Intervenors "not to repeat arguments made in earlier filed briefs." Scheduling Order at 2 (ECF No. 19). Consistent with the Court's instructions, Defendant-Intervenors limit their comments to those not already made by Defendant. As a result, Defendant-Intervenors incorporate by reference Defendant's Response in Opposition to Plaintiffs' Motion for Judgment Upon the Agency Record (ECF No. 26) (hereinafter, "Def.'s Br."), which Defendant-Intervenors adopt and support except as otherwise noted.

## ADMINISTRATIVE DETERMINATION UNDER REVIEW

Plaintiff challenges certain aspects of the Department of Commerce's ("Commerce") final scope ruling that certain individually quick frozen ("IQF") garlic cloves imported by Plaintiff are covered by the scope of the antidumping duty order on fresh garlic from the People's Republic of China (the "Order"). See <u>Antidumping Duty Order on Fresh Garlic from the People's Republic of China: Final Scope Ruling on Export Packers' Certain Individually Quick Frozen Cooked Garlic Cloves</u> (Feb. 21, 2024) (hereinafter "<u>Final Scope Ruling</u>") (PR

30);[1] Antidumping Duty Order: Fresh Garlic from the People's Republic of China, 59 Fed. Reg. 59,209 (Nov. 16, 1994).

## ISSUES PRESENTED

**1. Whether Commerce lawfully determined that the plain language of the scope, and other sources enumerated in 19 C.F.R. § 351.225(k)(1), were not dispositive as to whether Plaintiff's frozen garlic cloves are covered by the Order's scope.**

Yes. The plain language of the Order's scope establishes that "frozen" garlic, whether "whole or separated into constituent cloves," is covered by the Order. In addition, the Order's scope definition establishes that garlic that has been "prepared or preserved by . . . heat processing" is excluded. Commerce reasonably determined based on (i) information submitted in connection with Plaintiff's scope application, (ii) the plain language of the Order's scope, and (iii) the sources enumerated in 19 C.F.R. § 351.225(k)(1), in particular prior scope rulings, that the Order's scope language was not dispositive as to whether the inquiry merchandise was covered. Thus, Commerce lawfully determined to examine the factors enumerated in 19 C.F.R. § 351.225(k)(2).

**2. Whether Commerce lawfully determined that based on the factors enumerated in 19 C.F.R. § 351.225(k)(2), Plaintiff's frozen garlic cloves are covered by the scope.**

Yes. Commerce weighed the record evidence concerning each of the factors enumerated in 19 C.F.R. § 351.225(k)(2) and lawfully determined that Plaintiff's frozen garlic cloves are covered by the Order's scope. Plaintiff asks this Court to reweigh the evidence because it

---

[1] Documents in the administrative record are cited by their confidential and/or public record number (i.e., "(CR __)" and "(PR __)") provided in the Index to the Administrative Record filed with the Court on May 6, 2024 (ECF No. 16).

disagrees with Commerce's conclusion. The Court should reject Plaintiff's invitation to reweigh the evidence and should sustain Commerce's final scope ruling.

## STANDARD OF REVIEW

Defendant-Intervenors agree with and incorporate by reference the standard of review set forth in the Defendant's response brief. See Def.'s Br. at 12-13. Defendant-Intervenors also note that while Commerce must explain the basis for its decision, this Court "will . . . 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" Motor Vehicle Mfrs. Ass'n v. State Farm Mut., 463 U.S. 29, 43 (1983) (quoting Bowman Transp. Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 286 (1974)).

## STATEMENT OF THE FACTS

Defendant-Intervenors agree with and incorporate by reference the statement of facts as set forth in Defendant's response brief, with one caveat. See Def.'s Br. at 2-12. As discussed below, Commerce has addressed a series of scope requests concerning certain IQF garlic products. Plaintiff introduced the term "cooked" in its scope ruling application as a means of distinguishing its imported IQF garlic cloves from IQF garlic cloves addressed in prior scope rulings in which Commerce determined the IQF garlic products at issue were covered by the Order's scope.

Neither Defendant, nor Plaintiff, described in detail the recent series of scope ruling requests and Commerce determinations involving IQF garlic products in their briefs. It appears that in submitting these scope requests, U.S. importers sought to probe the limits of terms used in the Order's scope definition. As a result, for the Court's background, Defendant-Intervenors will describe those requests and the rulings ultimately issued by Commerce.

Plaintiff initially filed its scope ruling application with Commerce on December 20, 2022. See Letter from Husch Blackwell LLP to Sec of Commerce Pertaining to Export Packers (Rejected) Scope Ruling Request at 1 (CR 1) (PR 1). Plaintiff's scope application was the fifth scope ruling application filed with Commerce since August 2020 involving an IQF garlic product. See Letter from Kelley Drye & Warren LLP to Sec'y of Commerce Pertaining to Petitioners Cmts on Scope Application at 2-5 (PR 19).

The first application, filed on behalf of Dongsheng Foods USA ("Dongsheng"), requested a ruling regarding whether IQF chopped, minced, sliced, and pureed garlic was covered by the Order's scope. See id. at 2, Attachment 1 (PR 19). Commerce rejected Dongsheng's scope ruling application as incomplete and Dongsheng never resubmitted its application for a scope ruling with Commerce. See id. at 2 (PR 19). Nevertheless, shortly after Dongsheng's application was rejected, two U.S. importers filed three new scope ruling applications with Commerce. Specifically, RJ Van Drunen & Sons Inc., doing business as Van Drunen Farms ("Van Drunen") requested a ruling regarding whether IQF garlic that had been peeled, blanched, and diced into approximately 1/8-inch pieces was covered by the Order's scope. See id. at 2, Attachment 2 (PR 19). In addition, Trinity Distribution Inc. ("Trinity") filed two scope ruling applications with Commerce involving: (1) IQF garlic that had been peeled, blanched, and diced into 1/8-inch pieces, as well as garlic that had been pureed, poured into molds, and frozen; and (2) IQF garlic cloves that had not been further reduced in size beyond the clove. See id. at 2, Attachments 3-4 (PR 19).

Commerce determined that Van Drunen's and Trinity's IQF 1/8-inch diced garlic and frozen garlic puree were not covered by Order's scope. In particular, Commerce determined that the Order's scope covers garlic that is "whole" or "separated into constituent cloves" – and that

garlic that has been diced or pureed does not fall within one of those two forms. See id. at 3, Attachments 2-3 (PR 19).

Regarding Trinity's IQF garlic cloves, Commerce determined those products are covered by the plain language of the Order's scope. See id. at 3-4, Attachment 4 (PR 19). Specifically, Commerce determined that

> {b}ecause the scope covers garlic that is whole or separated into constituent cloves, regardless of whether it is cleaned, peeled, frozen, or packed in water or other neutral substances, we determine that Trinity's IQF garlic falls under the plain language of the scope of the Order.

Id. at 3, Attachment 4 (PR 19). Notably, Commerce also rejected Trinity's argument that its IQF garlic cloves were excluded from the Order's scope because the "blanching" process the cloves undergo before they are frozen constitutes preparation or preservation by heat treatment. See id. at 4, Attachment 4 (PR 19).

In these three scope rulings, Commerce established a few straightforward guidelines for interpreting the Order's scope. If IQF garlic is meaningfully reduced in size beyond the clove (such as by dicing, mincing, or pureeing) it is not covered by the Order's scope. In contrast, if IQF garlic is not further reduced in size beyond the clove (i.e., it involves whole bulbs of garlic or bulbs that have been separated into their constituent cloves), it is covered by the Order's scope based on its form. Finally, blanching does not constitute "preparation" or "preservation" by "heat-treatment" as those terms are used in the Order's scope.

Next, in an attempt to assess the limits of Commerce's "whole or separated into constituent cloves" versus "reduced in size beyond the clove" analyses, U.S. importer Green Garden Produce LLC ("Green Garden") submitted a scope ruling to Commerce involving IQF large and small "garlic chunks," which are garlic cloves that have had an end trimmed and/or

-5-

been sliced along their length or width and are then subjected to an IQF process. See id. at 4, Attachment 5 (PR 19). Commerce determined that even cloves that had been reduced in size in this minor fashion could not be considered "constituent cloves" and, therefore, were not covered by the Order's scope. See id. (PR 19). Commerce, however, simultaneously initiated a circumvention inquiry to determine if merely trimming a clove's end, or slicing a clove along its length or width, constituted a minor alteration. See id. at 4-5, Attachment 6 (PR 19). Commerce ultimately determined these trimming and slicing processes did constitute a minor alteration and, as a result, large and small garlic chunks are covered by the Order. See Fresh Garlic From the People's Republic of China: Affirmative Final Determination of Circumvention of the Antidumping Duty Order, 89 Fed. Reg. 51,495 (Dep't Commerce June 18, 2024). Green Garden has challenged Commerce's scope ruling on appeal before the U.S. Court of International Trade. See Green Garden Produce, LLC v. United States, Ct. No. 24-00114 (Baker) (scheduling order entered on Oct. 18, 2024 (ECF No. 22)).

Plaintiff's scope application raised issues in relation to Commerce's analysis of whether blanching constitutes preparation or preservation by heat processing. Ultimately Commerce determined that the evidence Plaintiff submitted created an ambiguity regarding whether the Plaintiff's blanching process (which Plaintiff describes as "boiling" to distinguish its process from "blanching," although blanching involves boiling) constituted heat processing and, therefore, the scope's plain language and other interpretative sources (including all of the above noted scope rulings) were not definitive. See Final Scope Ruling at 7 (PR 30).

## ARGUMENT

Defendant-Intervenors agree with and incorporate by reference the arguments put forward by Defendant in support of the determination under review. See Def.'s Br. at 12-37.

Defendant-Intervenors wish to make one additional point regarding Commerce's analysis of the Order's scope under 19 C.F.R. § 351.225(k)(1).

In arguing that Commerce unlawfully determined that the scope's plain language and other sources enumerated in 19 C.F.R. § 351.225(k)(1) are not dispositive, Plaintiff focuses on a single phrase – "prepared . . . by . . . heat processing." Pl.'s Br. at 11-19. Plaintiff's argument, therefore, ignores key relevant terms included in the scope definition.

In particular, the scope definition's first sentence provides that subject merchandise includes

> all grades of garlic, whole or separated into constituent cloves, whether or not peeled, fresh, chilled, frozen, provisionally preserved, or packed in water or other neutral substance, but not prepared or preserved by the addition of other ingredients or heat processing.

Final Scope Ruling, at 2 (PR 30). Thus, the scope explicitly cover "garlic . . . separated into constituent cloves" that are "frozen." Id. (PR 30). Plaintiff's IQF garlic cloves, therefore, are explicitly identified as subject merchandise by the plain language of the scope definition.

Commerce clearly considered this language in its scope ruling. Commerce stated "{a}s an initial matter, the inquiry merchandise covers whole garlic cloves that are frozen, which fall under the plain language of the scope." Id. at 8 (PR 30). Commerce could have reasonably determined, based on the scope's plain language and the prior rulings involving Trinity's IQF garlic cloves and Amexim's garlic cloves in brine, that the Order's scope language and sources identified in 19 C.F.R. § 351.225(k)(1) were dispositive as to whether Plaintiff's IQF garlic cloves are subject merchandise. Commerce, however, determined these sources were not dispositive based on the evidence Plaintiff submitted regarding changes in the allicin content resulting from Plaintiff's boiling process, as well as Plaintiff's assertions that the IQF cloves

-7-

were "cooked" rather than "blanched." See Final Scope Ruling at 8 (PR 30).  Given the explicit coverage of Plaintiff's merchandise by the scope's plain language, and Commerce's two prior scope rulings finding that garlic that had been boiled or otherwise subject to a water-based heating element described as blanching, Plaintiff could have at best hoped the language and sources enumerated in 19 C.F.R. § 351.225(k)(1) were not dispositive that the inquiry merchandise was covered.

Importantly, Commerce's observation regarding the scope language covering frozen garlic cloves is noted under the heading for "(A) Physical Characteristics," but it is clear this observation also drove Commerce's determination that 19 C.F.R. § 351.225(k)(1) is not dispositive.  The Court should find that while Commerce's observation is not specifically referenced in the analysis of 19 C.F.R. § 351.225(k)(1), Commerce clearly considered and reasonably relied on the scope's plain language covering frozen garlic cloves.  See Motor Vehicle Mfrs. Ass'n v. State Farm Mut., 463 U.S. 29, 43 (1983) (while Commerce must explain the basis for its decision, the Court "will . . . 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'") (quoting Bowman Transp. Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 286 (1974)).

## **CONCLUSION**

For the reasons presented in Defendant's response brief, incorporated by reference herein, as well as those additional reasons noted by in this response brief, Defendant-Intervenors respectfully urge this Court to sustain the <u>Final Results</u> in their entirety.

Respectfully submitted,

<u>/s/ John M. Herrmann</u>
JOHN M. HERRMANN
JOSHUA R. MOREY
MATTHEW T. MARTIN
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, DC 20007
(202) 342-8400

Counsel to Defendant-Intervenors

Dated: November 19, 2024

CERTIFICATE OF COMPLIANCE
WITH COURT OF INTERNATIONAL TRADE
STANDARD CHAMBERS PROCEDURES

Pursuant to this Court's Order dated May 21, 2024 (ECF No. 19), setting the word limitation for the response brief of the Fresh Garlic Producers Association and its individual members, Christopher Ranch L.L.C., The Garlic Company, and Valley Garlic, Inc. (collectively, "Defendant-Intervenors") to 7,000 words, counsel for Defendant-Intervenors certifies that the attached Response Brief contains 2,241 words, including footnotes. The word count certification is made in reliance on the word-count feature contained in Microsoft 365 – Enterprise.

          Respectfully submitted,

          /s/ John M. Herrmann
          JOHN M. HERRMANN
          JOSHUA R. MOREY
          MATTHEW T. MARTIN
          KELLEY DRYE & WARREN LLP
          3050 K Street, N.W., Suite 400
          Washington, DC 20007
          (202) 342-8400

          Counsel to Defendant-Intervenors

Dated: November 19, 2024