Slip Op. 26-19

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| EXPORT PACKERS COMPANY LIMITED,<br><br>　　Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>　　Defendant,<br><br>and<br><br>FRESH GARLIC PRODUCERS ASSOCIATION AND ITS INDIVIDUAL MEMBERS, CHRISTOPHER RANCH, L.L.C., THE GARLIC COMPANY, AND VALLEY GARLIC<br><br>　　Defendant-Intervenors. | Before: Jane A. Restani, Judge<br><br>Court No. 24-00061 |

**OPINION AND ORDER**

[Sustaining the Department of Commerce's final remand redetermination in scope proceeding regarding fresh garlic from the People's Republic of China.]

Dated: February 23, 2026

Nithya Nagarajan, Husch Blackwell LLP, of Washington, DC, for the plaintiff Export Packers Company Limited. With her on the brief were Robert David Stang and Stephen William Brophy.

Isabelle Aubrun, U.S. Department of Justice, of Washington, DC, for the defendant. Of counsel on the brief was Fee Pauwels, Office of Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC. With them on the brief was Patricia M. McCarthy, U.S. Department of Justice, Commercial Litigation Branch – Civil Division, of Washington, DC.

John M. Herrmann, II, Kelley Drye & Warren, LLP, of Washington, DC, for defendant-intervenors Fresh Garlic Producers Association and its individual members, et al. With him on the brief were Joshua Rubin Morey, of New York, NY, and Matthew Thomas Martin, of Washington, DC.

Restani, Judge:  Before the court is the U.S. Department of Commerce's ("Commerce") final remand redetermination pursuant to the court's remand order, see Export Packers Co. v. United States, 780 F. Supp. 3d 1342 (CIT 2025) ("Export Packers I"), on Commerce's final scope ruling regarding whether plaintiff Export Packers Company Limited's ("Export Packers") imported garlic is covered by an antidumping duty order on fresh garlic from the People's Republic of China ("China").  See generally Final Results of Redetermination Pursuant to Court Remand, ECF No. 62-1 (Dec. 9, 2025) ("Remand Results").  In Export Packers I, the court remanded Commerce's final scope ruling as unsupported by substantial evidence and not in accordance with law.  780 F. Supp. 3d at 1343.  The court instructed Commerce to base its analysis on the applicable scope language.  See id. at 1347, 1351.  For the following reasons, the court sustains Commerce's redetermination.

## BACKGROUND

The court presumes familiarity with the facts of this case as set out in its previous opinion ordering remand to Commerce, see Export Packers I, and now recounts only those facts relevant to the court's review of the Remand Results.  On November 16, 1994, Commerce issued an antidumping duty order on fresh garlic from the People's Republic of China. Antidumping Duty Order: Fresh Garlic From the People's Republic of China, 59 Fed. Reg. 59,209-03 (Dep't Commerce Nov. 16, 1994) ("Order").  Commerce defined the scope of the Order, in relevant part, as follows:

> The products subject to this antidumping duty order are all grades of garlic, whole or separated into constituent cloves, whether or not peeled, fresh, chilled, frozen, provisionally preserved, or packed in water or other neutral substance, but not prepared or preserved by the addition of other ingredients or heat processing. The differences between grades are based on color, size, sheathing and level of decay.

Id.

On March 13, 2023, Export Packers requested that Commerce conduct a scope inquiry to determine that its garlic was not covered by the scope of the Order.  Scope Ruling Request, C.R. 3, P.R. 13 (Mar. 13, 2023).  On February 21, 2024, Commerce issued a final scope ruling that Export Packers' imported individually quick frozen ("IQF") cooked garlic was within the scope of the Order on fresh garlic.  Final Scope Ruling on Export Packers' Certain Individually Quick Frozen Cooked Garlic Cloves, P.R. 30 (Feb. 21, 2024) ("Scope Ruling").  Export Packers challenged the ruling before the court.  See Export Packers' Rule 56.2 Mot. for J. on the Agency R., ECF No. 20 (July 15, 2024).  On April 18, 2025, the court remanded Commerce's final Scope Ruling as unsupported by substantial evidence.  Export Packers I at 1351.  The court held that the language of the Order was unambiguous, and that Commerce's ruling conflicted with the applicable scope language.  Id. at 1350–51; see generally 19 C.F.R. § 351.225(k).

On December 9, 2025, Commerce filed its final Remand Results, concluding under respectful protest that Export Packers' IQF cooked garlic cloves are outside the scope of the Order.  Remand Results at 1.  On December 29, 2025, Export Packers filed its comments requesting that the court affirm the Remand Results.  Pl.'s Comments on Final Remand Results at 2, ECF No. 66 (Dec. 29, 2025) ("Pl. Cmts.").  On December 29, 2025, defendant-intervenors, the Fresh Garlic Producers Association and its individual members, Christopher Ranch L.L.C., The Garlic Company, and Valley Garlic, (collectively, "the Association"), filed their comments and urged the court to hold that Commerce's Remand Results are unlawful based on the plain language of the Order, primary interpretive sources, and secondary interpretative sources.  Def.-Intervenors' Comments on Remand Redetermination at 2, ECF No. 67 (Dec. 29, 2025) ("Def.-Intervs. Cmts.").  On January 16, 2026, Export Packers filed rebuttal comments, Pl.'s Reply to  Comments on Remand Results, ECF No. 69 (Jan. 16, 2026) ("Pl. Reply"), and the government filed its response,

Def.'s Reply to Comments on Remand Results, ECF No. 70 (Jan. 16, 2026) ("Def. Resp.").

## JURISDICTION & STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(B)(vi). Section 1516a(a)(2)(B)(vi) provides for judicial review of a determination of "whether a particular type of merchandise is within the class or kind of merchandise described in an . . . antidumping or countervailing duty order."  19 U.S.C. § 1516a(a)(2)(B)(vi).  In conducting its review, the court must set aside any determination, finding, or conclusion found "to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Id. § 1516a(b)(1)(B)(i).

In reviewing Commerce's scope determinations, "the court will not re-weigh the evidence presented to Commerce" and will uphold decisions by Commerce when the agency "chooses from among the range of possible reasonable conclusions based on the record." OTR Wheel Eng'g v. United States, 37 CIT 409, 414–15, 901 F. Supp. 2d 1375, 1380 (2013). Although the court grants significant deference to Commerce's interpretation of its own orders, Commerce "cannot 'interpret' an antidumping order so as to change the scope of that order, nor can Commerce interpret an order in a manner contrary to its terms." See Walgreen Co. v. United States, 620 F.3d 1350, 1354 (Fed. Cir. 2010) (citation modified) (quoting Duferco Steel Inc. v. United States, 296 F.3d 1087, 1095 (Fed. Cir. 2002)).

## DISCUSSION

Export Packers and the government argue that Commerce's Remand Results complied with the court's order and that, therefore, the court should sustain the Remand Results. Pl. Cmts. at 1–2; Def. Resp. at 7–8. The Association argues that the IQF cooked garlic is within the scope of the order because the subject merchandise includes garlic that is "frozen" and "provisionally

preserved."[1]  Def.-Intervs. Cmts. at 3–4.  Export Packers contends that the record evidence shows that the IQF cooked garlic is actually "prepared or preserved by . . . heat processing," and thus is excluded from the scope.  Pl. Reply at 1.

To determine whether a certain product is within the scope of an order, Commerce first must consider the language of the order itself.  See Mid Continent Nail Corp. v. United States, 725 F.3d 1295, 1302 (Fed. Cir. 2013).  Commerce may also consider the (k)(1) factors to aid it in deciding whether a particular product is within the scope of the order.  Magnum Magnetics Corp. v. United States, No. 2024-1164, 2026 WL 438170, at *3 (Fed. Cir. Feb. 17, 2026).[2]  The (k)(1) factors include the descriptions of the merchandise contained in the petition, the descriptions of the merchandise contained in the initial investigation, and the determinations of Commerce, including prior scope determinations, and the Commission.  19 C.F.R. § 351.225(k)(1)(i).  If the (k)(1) factors are not dispositive, only then will Commerce consider the (k)(2) factors.[3]  See id.

---

[1] The Association had previously argued that Export Packers' IQF cooked garlic was not prepared by heat processing.  Def. Intervenors' Response to Mot. for J. on the Agency R. at 7, ECF No. 28 (Nov. 19, 2024).  Its new argument, that the garlic is "provisionally preserved," fails here because "prepared or preserved by . . . heat processing" is the exception to "provisionally preserved."  See Order at 59,209.  The "heat processing" exclusion language explicitly renders garlic "prepared or preserved" by "heat processing" out of scope.  Export Packers I at 1350.  Preservation is not the issue here anyway, as cooking alters the garlic, but does not necessarily preserve it.

[2] In Magnum, the Federal Circuit held that "Commerce has the discretion to consider (k)(1) factors in assessing the meaning of the scope language, regardless of whether the language appears to be ambiguous or not."  2026 WL 438170, at *6.  The court also noted that Commerce still cannot use the (k)(1) sources to change the scope of a duty order, only to interpret it.  Id. (citing Saha Thai Steel Pipe Pub. Co. v. United States, 101 F.4th 1310, 1325 (Fed. Cir. 2024); Duferco, 296 F.3d at 1095).

[3] The general rule that Commerce may construe but not modify the scope of an existing order is subject to a statutory exception.  In certain specified situations, Commerce may enlarge the scope of an order by invoking the "prevention of circumvention" provisions contained in Section 781 of the Tariff Act of 1930, 19 U.S.C. § 1677j.  See AMS Ass'n v. United States, 737 F.3d 1338, 1343 (Fed. Cir. 2013) ("In order to prevent circumvention, 19 U.S.C. §§ 1677j(a)-(d) authorize Commerce to expand the scope of existing antidumping and countervailing duty orders to reach products that are not covered by the existing scope."), overruled in part on other grounds by, Sunpreme Inc. v. United States, 946 F.3d 1300 (Fed. Cir. 2020); Duferco, 296 F.3d at 1098 ("So

§ 351.225(k)(2)(i).

The plain language of the Order excludes garlic "prepared or preserved by the addition of other ingredients or heat processing." Order at 59,209. Export Packers' IQF cooked garlic cloves travel through a continuous boiling machine that uses water at a boiling or near-boiling temperature for ninety seconds and are then drained and undergo a quick-freezing process.[4] Scope Ruling at 2. The court held that Commerce's finding that the cooked garlic cloves were within the scope of the Order was not supported by substantial evidence and "clearly in conflict with the applicable scope language." Export Packers I at 1351. The court also held that Commerce had improperly relied on two scope rulings which "involved blanched, not cooked garlic."[5] Id. at 1350. The court noted expert reports submitted by Export Packers, and not contradicted by other evidence or rejected by Commerce for some reason, showing that the cooked garlic cloves have "certain different characteristics due to a heating element" suggesting "heat processing." See id. Accordingly, the court held that the government "fail[ed] to establish cooking is not heat processing," id. at 1350, and concluded that "[t]he garlic at issue is clearly prepared by heat processing and physically transformed by that process," id. at 1351. In its Remand Results, Commerce "follow[ed] the Court's logic, under protest, to its natural conclusion . . . that Export Packers' IQF cooked garlic cloves are 'heat processed' per the plain language of the scope" and are thus excluded from the scope of the Order. Remand Results at 6.

---

too the very existence of section 1677j of Title 19 emphasizes the general requirement of defining the scope of antidumping and countervailing duty orders by the actual language of the orders."). This, however, is not a circumvention case, so this exception does not apply.

[4] The Association states that the product at issue is "unfit for human consumption." Def.-Intervs. Cmts. at 10. The product at issue is not completely raw, but a great number of people likely find raw garlic acceptable for human consumption.

[5] It is not improper to consult prior scope rulings, see 19 C.F.R. § 351.225(k)(1)(i)(C), but these scope rulings did not cover the product at issue.

While Commerce respectfully disagreed with the court's holding, it followed the court's order and accordingly determined that Export Packers' cooked garlic cloves are excluded from the scope of the Order. Id. Commerce's Remand Results are supported by the plain language of the scope, and the record "contains no additional primary interpretive sources that are otherwise dispositive." Id. Thus, the court holds that Commerce reasonably determined, based on substantial evidence and in accordance with the law, that Export Packers' IQF cooked garlic cloves are excluded from the scope of the Order.

## CONCLUSION

For the foregoing reasons, Commerce's remand redetermination, ECF No. 62-1, is sustained. Judgment will be entered accordingly.

    /s/ Jane A. Restani
Jane A. Restani, Judge

Dated: February 23, 2026
New York, New York